IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, TRUSTEES OF THE CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, TRUSTEES OF THE CHICAGO REGIONAL COUNCIL OF CARPENTERS SUPPLEMENTAL RETIREMENT FUND, and TRUSTEES OF THE CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE TRAINING FUND, <br><br>        Plaintiffs, <br>v. <br><br>UNIQUE CASEWORK INSTALLATIONS, INC., <br><br>and <br><br>PATRICIA DAVIS, <br><br>        Defendants. | CIVIL ACTION |

## COMPLAINT

Plaintiffs, Trustees of the Chicago Regional Council of Carpenters Pension Fund, et al., by their attorney, David Whitfield, complain of the Defendants, Unique Casework Installations, Inc., and Patricia Davis, as follows:

    1.    This action arises under Section 502 of the Employee Retirement Income Security Act ("ERISA")(29 U.S.C. §§1132, 1145), and Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 185(a), and the Illinois Wage Payment and Collection Act ("Wage Act"). 820 ILCS 115/1, et seq,.

1

Jurisdiction is founded on the existence of questions arising there under, or under 28 U.S.C §1367.

2. The Chicago Regional Council of Carpenters Pension Fund, the Chicago Regional Council of Carpenters Welfare Fund, the Chicago Regional Council of Carpenters Supplemental Retirement Fund, and the Chicago Regional Council of Carpenters Apprentice Training Fund ("Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the Chicago Regional Council of Carpenters ("Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie Street, Chicago, Illinois and venue is proper in the Northern District of Illinois.

3. Unique Casework Installations, Inc. is an employer engaged in an industry affecting commerce that entered into agreements requiring Unique Casework Installations, Inc. to pay fringe benefit contributions to the Trust Funds and to remit dues deducted from its employees' wages.

4. Unique Casework Installations, Inc. is required to pay liquidated damages, interest, reasonable attorney fees, court costs, and other reasonable amounts incurred in the collection process.

5. Unique Casework Installations, Inc. must submit a monthly contribution report listing the hours worked by its carpenter employees, and the fringe benefit contributions owed to the Trust Funds. Unique Casework Installations, Inc. must also submit payment of the corresponding fringe benefit contributions listed on its monthly contribution report to the Trust Funds.

6. Unique Casework Installations, Inc. breached the provisions of the Collective Bargaining Agreements and the Trust Agreements by failing to submit

2

payment of August 2018, September 2018, and October 2018 fringe benefit contributions in the amount of $103,214.52.

7.     Unique Casework Installations, Inc. failed to submit liquidated damages resulting from both untimely paid, and unpaid, fringe benefit contributions for the months of July 2018, August 2018, September 2018, and October 2018.

8.     Unique Casework Installations, Inc. breached the provisions of the Collective Bargaining Agreements and the Trust Agreements by failing to submit Union dues withheld from its employees' wages in the amount of $4,762.44 for the months of September 2018 and October 2018.

9.     At all times material herein, there was in effect the Illinois Wage Payment and Collection Act ("Wage Act"), 820 ILCS 115/1, et seq.

10.    Patricia Davis is an officer of Unique Casework Installations, Inc.

11.    Patricia Davis knowingly permitted and willfully refused to remit Union dues on behalf of its carpenter employees in violation of the Wage Act, 820 ILCS 115/14.

12.    Section 13 of the Wage Act provides that "any officers of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation, 820 ILCS 115/13.

13.    Defendant, Patricia Davis, is an employer within the meaning of the Wage Act.

14.    Defendant, Patricia Davis, deducted Union dues from Unique Casework Installations, Inc.'s carpenter employees' wages and failed to remit that money to the Trust Funds.

15.    The Union dues are wages as defined by Section 2 of the Illinois Wage

3

and Payment Collection Act, which have been assigned by the carpenter employees to the Union, 820 ILCS 115/2.

16. This Court has jurisdiction over this claim pursuant to 28 U.S.C. §1367.

17. Patricia Davis is personally liable for Union dues withheld from Unique Casework Installations, Inc.'s carpenter employees' wages in the amount of $4,762.44 for the months of September 2018 and October 2018.

18. Plaintiffs have complied with all conditions precedent in bringing this suit.

19. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from the Defendants.

20. Defendants are obligated to pay the attorney fees and court costs incurred by the Plaintiffs pursuant to 29 U.S.C. §1132(g)(2)(D).

21. Pursuant to 29 U.S.C. §1132(g)(2)(B), the Plaintiffs are entitled to interest on any monies that may be found to be due and owing from the Defendants.

22. Pursuant to 29 U.S.C. §1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

    a) double interest on the unpaid contributions; or

    b) interest plus liquidated damages provided for under the Trust Agreements not in excess of 20% of amount that is due.

22. Pursuant to the Trust Agreements, Plaintiffs are entitled to liquidated damages at the rate of 1.5% compounded monthly.

WHEREFORE, Plaintiffs pray:

    a) That the Unique Casework Installations, Inc. be ordered to pay $4,762.44 in Union dues withheld from its carpenter employees' wages during the months of September 2018 and October 2018.

b) That the Unique Casework Installations, Inc. be ordered to paid $103,214.52 in fringe benefits contributions for the months of August 2018, September 2018, and October 2018.

c) That the Unique Casework Installations, Inc. be ordered to pay liquidated damages pursuant to the Trust Agreements.

d) That the Unique Casework Installations, Inc. be ordered to pay interest on the amount that is due pursuant to 29 U.S.C. §1132 (g)(2)(B).

e) That the Unique Casework Installations, Inc. be ordered to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. §1132 (g)(2)(C).

f) That the Unique Casework Installations, Inc. be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the Trust Agreements, and 29 U.S.C. §1132 (g)(2)(D).

g) That Patricia Davis be ordered to pay $4,762.44 in Union dues withheld from Unique Caseworks Installations, Inc.'s carpenter employees' wages during the months of September 2018 and October 2018.

h) That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendants' costs pursuant to 29 U.S.C. §1132(g)(2)(E).

By: /s/ David Whitfield
Attorney for Plaintiffs

David Whitfield
McGann, Ketterman & Rioux
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
T: (312) 251-9700 F: (312) 251-9701

5